IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES, | ) | Cr. No. 08-00102 ACK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DANNY STEELE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER TO DISCLOSE MEDICAL RECORDS

On October 16, 2008, the Government submitted a letter requesting the Court's _in camera_ review of potentially discoverable material ("Government Letter"). Attached to the Government Letter are ninety-three pages of the alleged victim's medical records, dated both before and after the alleged incident with the Defendant. The records detail the treatment, medications, and diagnoses regarding various medical and psychological conditions of the alleged victim. The Government asked this Court to determine whether such records should be disclosed to Defendant pursuant to _Brady v. Maryland_, 373 U.S. 83 (1963), _Giglio v. United States_, 405 U.S. 150 (1972), and Fed. R. Crim. P. 16 ("Rule 16").

The Government was required to submit all evidence favorable to the Defendant pursuant to _Brady_ and _Giglio_ by October 8, 2008. _See_ Report of Final Pretrial Conference Minutes

and Order as to Danny Steele ("Pretrial Order"), Crim. No. 08-00102 (Mar. 30, 2008).  The Government has a continuing obligation to produce any evidence favorable to the Defendant which comes into its possession through to the completion of trial.  Id.

In general, the Government is required to produce any evidence favorable to an accused.  Brady, 373 U.S. at 1196.  The Government must also disclose any documentary evidence that is "material to preparing the defense[.]"  Fed. R. Crim. P. 16(a)(1)(E).  Reports of any physical or mental examinations in the Government's possession must also be produced to the Defendant where the document is material to the defense.  Fed. R. Crim. P. 16(a)(1)(F).

The Court finds that the medical records submitted by the Government are material and favorable to the accused for the purposes of Rule 16, Brady, and Giglio because the records are relevant to the alleged victim's mental state, specifically the ability to:  perceive the Defendant's conduct at the time of the incident, accurately report the incident to law enforcement authorities immediately following the incident, and recall the incident at trial.

Because the alleged victim's testimony will be instrumental in the Government's case, the reliability of that witness's account is essential in the fact finder's determination

of guilt or innocence.  U.S. v. Service Deli Inc., 151 F.3d 938, 943 (9th Cir. 1998) (holding that any evidence going to the credibility of a key witness should be produced by the government); see also U.S. v. Brumel-Alvarez, 991 F.2d 1452, 1458 (9th Cir. 1993) ("Evidence impeaching the testimony of a government witness falls within the Brady rule when the reliability of the witness may be determinative of a criminal defendant's guilt or innocence.").

Thus, the medical records are material to Defendant's case and the Government must disclose such documentary evidence pursuant to the Pretrial Order requiring such disclosure.  Fed. R. Crim. P. 16(a)(1)(E),(F); Brady, 373 U.S. at 1196-97.  The Court further finds that the probative value of the material is not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.  Fed. R. Evid. 403.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 20, 2008.



_____
Alan C. Kay
Senior United States District Judge

United States v. Steele, Cr. No. 08-00102 ACK, ORDER TO DISCLOSE MEDICAL RECORDS.